for our rebuttal. And with that, you may proceed. I may be also reserved a short amount of time for rebuttal. This one. Well, there's a cross-appeal, so I guess. Yeah, sure. Yeah, certainly. If I may? Yes, please. Again, for the record, Robert Shannon, my partner, Steve Swofford, on behalf of Sears         Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. And I think what I should speed up is my last remark is it's been tallied the last    So a couple of forms of legislation, just this is the case, generally speaking, involves the requirement and then interpretation of the regulatory ordinance by the City of Chicago that requires two home repair licenses, two of the same licenses for the same installation. Sears, as has been established and for the purposes of this appeal conceded, does not perform the actual installation of the hot water heater at issue at the residence or at the site, rather that is performed by a separately licensed contractor. There are two purposes for this appeal. First, on behalf of Sears Roebuck, first is to correct an agency interpretation and second, and just as importantly, to guard against future prosecutions against Sears in the future for similar conduct. Counsel, I'd like to talk about that for a second before we get to the substance of the issues, and that is the question of why you're here and whether you should be here. It's dealt with in a footnote in the City's brief in which they concede that your appeal is appropriate. I'm not so sure about that, and I'd like to hear your comments on why you're here, why you're an appellant after you won. We're an appellant because we are at risk of future prosecutions. There is a conceded set of factual circumstances surrounding our operation. It will continue, Sears will continue to engage in that operation. It has been subject to repeated citations in the past for not having a home repair license. Certainly, we received no assurances, in fact, anything we received is to the contrary, is that the City does intend to continue to take the position that the operations of Sears, i.e., the conceded facts of accepting a fee for installation. I understand that you feel that you're at risk of future citations, but I'm really not sure that this is the vehicle by which you're allowed to resolve that. You know, you were the subject in these three cases of the citation. The judge, the administrative judge has made a ruling, and then ultimately, and fined you, but ultimately, the circuit court said that there was no transaction, and therefore, there was no liability, and the case was over, and you won. Appeals are supposed to be from final judgments, and there's no judgment in place that says that you have to get these licenses. There was a ruling made in the interim of a hearing, which resulted in a fine, but there's been no injunction entered by any agency or judge that says that you have to get this license. There's been no declaratory judgment that says that you have to get this license. It seems to me that if you want to get a court ruling that says that you should not have to get this license, you should have filed a declaratory judgment action, and I'm not so sure that this is an appealable order. Can I respond to that? I understand the Justice's comment. I'll respond to it in two-fold. First of all, for the purposes of waiver concessions on the part of the city, the city, as you recognize in a footnote, concedes that there is jurisdiction. It's always our ability, it's our obligation, independent of what the parties say, to examine our jurisdiction. Understood and acknowledged. Completing that thought, though, just in terms of following up on the Justice's comment, we did file a declaratory judgment action that is pending and stayed with the city's agreement so that we could get resolution in the form that it has chosen, which is administrative review. Frankly, our goal all along for the last five years has been to try to find some closure and some interpretation for our jurisdiction, and we do not continue to have to fight these in the Administrative Hearing Center. We need some clarity, and we do think that this is a proper mechanism for that. Also, if I may. Let me ask you this. I'm not convinced of that, because I think it was wise of counsel to seek a declaratory judgment, and I think that's the reason that your client's conduct fell within the parameters of home repair. There's lots of administrative law judges, aren't there? That's correct. And one administrative law judge's ruling is not binding on another administrative law judge's ruling, is it? That's correct. All right. So where is it that this is a binding rule on you? So, I mean, let me ask you this. Can that, and you can inform me of this, because I don't know. I'll be quick to say that. Can the administrative law judge in this case's ruling be cited in front of another administrative law judge as persuasive authority? I'm sure it could be cited as persuasive. It certainly wouldn't be binding. And let me ask you this, because, again, I don't know the answer to this. Sure. Can the circuit court judge's ruling be cited before another administrative law judge as persuasive authority or binding authority? I don't know that a municipal judge sitting on administrative review would be, a decision would be binding on the hearing center, but if I could provide you with a little bit more background, again, all in connection with our attempt to get closure. When we initially appealed the administrative findings up on administrative review, the city said, and this is all part of the record, we're not going to contest those findings. And, again, we were stuck with a situation where we were getting no closure. We then filed the administrative review complaint saying we have no adequate remedy at law because of the circumstances that keep repeating themselves. Appeal, win or lose, appeal, city's not going to contest it, we're And so what we're trying to do here after this time is truly to get some closure. Secondly, I believe that the interpretation that we're seeking and the request for the interpretation we're seeking, if nothing else, and we do believe there's jurisdiction on our appeal, is relevant and necessary to considering the city's appeal. Because we take issue with the circuit court's interpretation. We acknowledge the result, but only subject to and without waiver of our position that it was an erroneous legal interpretation of the ordinance. We take great issue with the fact that sale or facilitating a separately licensed installation service comes within the purview of the home repair definition. And that's a function of the city's appeal that I think this court will have to address as well, respectfully. I don't want to take up all your time. I'm not sure that I'm convinced, but I'm going to talk to the city about it too when they step up. But one more further question on the road to that. And I want to talk to you about mootness. Okay? The ordinance has been repealed and a new ordinance is in its place. So tell me why this question raised in your appeal is not moot. I should say telehealth. It's not moot. First and foremost, or not first and foremost, but as I go through the list of reasons, again, this interpretation is part and parcel of the city's appeal. And any change of the ordinance after June of 2012 is not relevant to that appeal. Secondly. The particular fines in question. And the interpretation that resulted in the findings in those fines. If those are binding in any way, which I'm not sure they are. Go ahead. Secondly, the language has been moved, but nothing's changed as it relates to the definition of home repair. The definition of home repair under the change and for the current purposes is exactly the same. Certainly, as I indicated, we've received no assurances that the city intends to not prosecute us for not having a home repair ordinance. Relatedly, the Did they take out that in connection with language? They did not. Is that still there? It's still there. It's in the definition under 4-6-280A. Hold on, let me just catch up here. 4-6-280A, little I-2. I'm sorry, two I's. Yeah, two I's. There you go. Okay. What has changed, and this might be what the justice is focused on, what has changed, and this is significant only as it relates to our appeal, is that a very critical phrase, I'm using the city's words, engaged in the business of, is now gone. The city built much of their argument around the fact that, well, of course, don't just look at the definition of home repair. It's much more broader than that. How do we know it's broader than that? Because the phrase engaged in the business of is included. They cite you to a case, River Forest, with a proposition that, hey, sale only means sale, and the city had to have been aware of that phrase, engaged in the business of. They built much of their argument around that. That phrase has now been eliminated. We have to assume that with the elimination of that phrase, the intent of the city council was to narrow the focus of installation and home repair to only comply with the definition. That is, the city points to that phrase as critical to this court's analysis, and while this appeal has been What we're left with then is the definition of home repair, which is contained in 4-6-280, and we think the plain language is clear. Sale and facilitating home repair services are not identified in that definition. It's the city who is attempting to be creative in its interpretation. The definition of home repair has really two parts. So you have little I-1 and little I-2. The first part, little I-1, talks about what home repair is, and it has a very specific list. The city council went out of its way to be fairly detailed and explicit, and contrary to the definition of home repair, it does not say sale or facilitating. We must assume, like River Forest, that if the city council had intended for home repair to reach sale or facilitating, it would have been explicitly included. Sale, incidentally, is contained within the ordinance, and we must assume that the city council was aware of that word, but ironically, for the city's position, it's contained in the definition of what home repair is. So the reading of little 2, performing any work or labor in connection with installation, clearly means, especially when you look at it in conjunction with A, we're talking about work and labor performed at the site and at the residence. How do we know that? If I could take your The city's position appears to be that little I-1, when it defines home repair, is talking about this amorphous pre-installation activity. Well, that's not what little I-1 says. Little I-1 says, very specifically, that this court's focus is to be work done, improvements to structures within the residence or the land adjacent thereto. So we believe that the plain meaning is very clear. If I could briefly address the city's focus Can you point me to where you're speaking of with regard to little I-1? Yes. I can read it into the record if you'd like. I'm sorry. It's not little I-1. It's the definition of home repair. Before little I-1. That's right. I lost you. Okay. The term home repair includes construction, installation, dot, dot, dot, dot, and other improvements to structures within a residence or upon the land adjacent thereto. Clearly the focus is on the residence. If the court is inclined to not believe, to not agree with our position that this is a sort of construction, certainly any ambiguities must be charged against the city. This is a penal ordinance, which means it must be strictly construed. And the city is the one charged with warning in light of River Forest, a case that they rely on, what conduct is prohibited. And we cite the court to other sections that relate to home repair that, again, are consistent with the fact that when we're talking about invoices, we're talking about stuff occurring at the site and at the residence. That's in contrast to the city's reference to other ordinances in which they fail to outline any relevance or connection to the issue that we're dealing with. Briefly, if I could address the city's suggestion that the in-connection with the installation language is an exception, meaning, apparently, according to the city, that it's a burden that Sears bears, that is not accurate. As you look at this definition, before and as amended, it's clear that the definition of home repair reflects what home repair is and what home repair is not. Again, they go to great lengths. The exceptions, and there are some, are contained in Section B below that. So the in-connection with the installation language is not things that are home repair, but we're going to create an exception if you can prove you fit into that exception. It's just not home repair. The exceptions are things that are home repair, but are performed by people at their own houses and things like that. So we respectfully believe that the city's reasoning and interpretation in this regard is overly creative, at the very least ambiguous, and that the plain reading of the ordinance supports our position that where no actual installation is performed by Sears or a subsidiary of Sears at the residence, we simply fall outside the ordinance. Now, that's not to say that Sears doesn't believe that this is a properly regulated activity. To the contrary. The record shows that any actual installation services are performed by a licensed contractor. That's undisputed. So certainly the wrenching, the pipe fitting, that's all to be performed by a licensed home repair installer. We have no qualms with that. Can I just touch briefly again on this mootness question? I'm looking at the order of November 19, 2010. When I hear you discussing the mootness issue, your goal is to prevent a finding that you're required to have this license. The court's order on August, I'm sorry, November 19, said the cases are reversed and fines and costs are vacated. The decisions are reversed. I mean, you know, my concern, if I were you, would be that some administrative law officer would say, well, here's a circuit court order that says that I've got to have this license in order to sell services. However, the judge himself said, I'm going to reverse my orders. Then the subsequent order enters on the rehearing, which says in paragraph 2, we're not going to consider Sears' motion to reconsider. So where do we have something where you have a stake in it? Justice, that finding, the reversal finding, was solely a function of the circuit court's legal interpretation of the home repair definition. We filed the motion asking for that legal interpretation. And the circuit court fully considered it, and he came down against us. And only after that, in our opinion, erroneous legal interpretation, did Judge Rogers reverse. But then what finding that is not reversed can be used against your client in, say, going back for past conduct? Well, I think the perspective relief we're seeking is for future prosecutions in the absence of any binding authority that we are not engaged in the business of home repair. Well, you did file your declaratory judgment action. We've got a case here where any finding that was adverse has been reversed. So perhaps theoretically, if this case was gone, you could proceed with your declaratory judgment, and that issue would be fully briefed, is the point I'm trying to make here. But what about in this case where the adverse finding against your client has been vacated by the judge who entered it? We have the adverse finding from the circuit court, Justice, is the judge's finding that sale or facilitating But he vacated that. No, that finding, respectfully, I believe is still intact. Well, the September 10th order said that. I'm trying to reconstruct it. Then in your, we have November 19th, which says it's vacated. Motion to reconsider. Right. And they vacated, he said, I'm vacating the findings. And then the following order is April of 2011, where he says in paragraph two, the court denies Sears, they're denying the motion, and I guess he's reciting the title of the motion, but he's reciting the title of the motion, which, you know, nowhere is that finding reinstated. I apologize. I didn't understand your question initially. I believe, Justice, the record is clear that there was a finding by the circuit court that the acts of sale or facilitating a later installation service falls within the definition of home repair. That's September 9th. We move to reconsider. And that was vacated November 19th. And I believe that motion of the record that we'll show was denied, and Judge Rogers actually clarified his finding against this to even greater degree to make crystal clear that, in his opinion, the sales facilitating of a later performed installation service falls within the definition of home repair. I believe that's on the record. Well, but what it says is, are you talking about the April 15th order? I apologize. Yeah, I think you are. It's the order, it's the typewritten order that Judge Rogers enters upon reconsideration. And as Justice House points out, initially, it's pretty broad. I can see why everybody went back for clarification, because on November 19th, it says the findings, decisions, and orders are all It's okay. Well, wait a minute, Judge. So April 15th, though, he says in paragraph 2, and I'm not sure who drafted this, but he signed it. Paragraph 2, it says, the court denies Sears' motion to reconsider because the benefits that Sears receives as a result of facilitating the installation of its hot water heaters and accepting payments for said installations constitute, quote, engaging in the business of home repair. That's right. Now you're telling me that that language doesn't exist anymore. That phrase is no longer there. So then why isn't this case moot? Well, because that interpretation is necessary for the city's appeal, is the first answer. Well, why isn't your appeal moot, then? I mean, I understand you're saying they still want the facts from the past ordinance. But if Judge Rogers said that this is engaging in the business of home repair, and the city has taken that phrase out of the case, tell me why your appeal is not moot. I believe that, and if you would consider the transcripts as well, his ruling was broader than that and included specifically the reference and consideration of the home repair ordinance. Well, that may be, but, you know, he vacated everything, and then he said, okay, let's clarify that. This is engaging in the business of home repair. Now the city says, we don't care about engaging in the business of home repair. It's a narrower concept. So, you know, it seems to me that this is all about nothing. Now, I understand that they want the facts. How much are the facts? They're in the thousands. I mean, frankly, the appeal, you know, I can't say that they're unimportant, but the appeal is designed to get us some clarity. And so Judge Rogers' opinion won't, if it's to be interpreted as the justices suggest in terms of just limited to engaging, it won't certainly provide us any perspective relief because we've received nothing from the city by way of assurances that it does not take the position that we fall within the definition of home repair. It's briefed that issue, saying that we do fall within that definition, that in connection with amounts to sale and facilitating. Okay. That's what the declaratory judgment statute is all about, because there's a new statute. And whatever they say about this doesn't mean anything anymore. Go ahead. Last, and I know I've taken up much of your time. No, I've taken up your time. So I apologize for this. No, it's my pleasure. I'm happy to answer the questions. Again, just under this double-dipping concept that we've identified, again, we don't say that this is not a regulated activity. They seem to suggest in their briefs that, well, are you to suggest that sale and facilitating, if it was done dubiously, is not subject to enforcement? That's certainly not what we're saying. But we're not trying to run away from city licensing. Sears has city licenses. If they were of the mind that Sears is engaged in some dubious advertising or dubious acceptance of fee, they have accepted practice of the ordinance, and they certainly could seek revocation of our operating license, our limited business license, if that was the focus. So they're covered in that respect. And we'd ask that that be taken into account in the event that the court gets to the construction of what we believe to be the plain language of the ordinance. Just so that I'm clear, I want to make sure, because I actually was coming into it with a little bit of a different view. You're not really relying on the two little I section that says home repair is not. You're relying on the language before that that defines home repair, and you're saying we're not within that definition, right? Because the two little I's has to do with, you know, it says it's not, you know, sale of goods, you know, direct or through a subsidiary, perform any work or labor in connection with the installation. That's not where you're relying. That's kind of a blind alias, isn't it? Well, I think, you know, Justice, we're stuck with this definition. This definition has two parts, and we need to make sure, I suppose, that we fit into both. But they need to be viewed in conjunction with one another. So, yes, a sale of facilitating is not in that part of the definition that lays out what home repair is, all right? We do not through a subsidiary or directly perform work in connection with installation under that section of the definition that says what home repair is not. The city, I think, would like you to look at just in connection within a vacuum, and we don't think that's a proper reading. So it's a long way of saying both. And I think we're stuck with that because it's all part of the ordinance. I'm sorry, the definition. Thank you. Thank you. May it please the court. Jonathan Byer for the city of Chicago. Just to touch on the issue of mootness, which seems to be the primary focus here today. Although we believe, at the time we filed our initial brief, that there was a slender, very slender, very narrow read upon which jurisdiction to allow Sears' own appeal existed, when the ordinance was amended to remove the language that was discussed, was analyzed by the circuit court, by the administrative agency, any standing that Sears might have had when this appeal was first filed was gone. That ordinance is. So do you want us to disregard that little footnote that you put in your brief then? Not to disregard it. Which you said it's okay to be here. Times have changed. At the time that was filed, not asking to disregard it, but it was written in a particular context, in a particular factual scenario, and the facts changed. The ordinance was repealed, was amended, whichever. We believe that's not a significant difference. The ordinance has been substantially changed. What is the limitation period for going back for past installations that Sears has performed? I'm sorry. I'm not aware. I'm not aware of that. I guess I have to provide authority on that. Is that something to pick up on the justice's question? Is that something Sears needs to fear? You know, for the last, I don't know how many decades, they've been installing water heaters, and now you're going to go back under the old ordinance and go after them? Is that something they need to fear? I would not believe so. Not that they brought that up, but I'm just following up. I would not believe so. Sears has not argued that they have any such fear that past conduct. There's been no indication anywhere in the record that there's any interest in pursuing. And on top of the question of whether there would even be the ability, which I personally do not, I am not aware if there is a limitations period. I will attempt to find out. If there's any authority on that, I will be sure to provide that to the court. Okay. So you were about to tell us why their appeals moved. Their appeals moved because the ordinance as it was interpreted, the ordinance that they say in their brief that they concede here today that they fear will be applied in the future does not exist. The language that is primarily discussed in our brief, this engage in the business language, is no longer there. This is section 4-6-10, regulated business license under the new ordinance, which Sears provided in their motion to cite supplemental authority. Section C of that now says business activities requiring a regulated business license under this chapter shall include the following, and a list of 29 things, and number 27 is home repair. Obviously the engage in the business language, which was the basis of our argument on arguments below, is no longer there, which is the basis of the circuit court's ruling, district hearings officer's ruling, no longer exists. So there's simply no fear of this ordinance, of that language being used against Sears in the future. So can they rest easy now and be happy with the idea that you just said, that it's okay for them to do what they've been doing without a license? Or is the city going to take the position that under this new ordinance they still have to get a license? Or do you know? Because that is currently in the middle of declaratory judgment proceedings, that seems like that is the best position for analysis. The issue has not been briefed at all. Yeah, I agree with you. But you're going to drag us through this analysis anyway because you still want those fines. Right. How much are the fines? They're approximately $1,500 is my understanding per violation. Okay, so $4,500? Approximately. So now that you agree that Sears' appeal is moot, the only reason this case is here today is $4,500. Is that what you're telling us? You guys couldn't settle $4,500 without filing all these briefs? Settlement was just not an option for reasons that I'm not able to discuss at this time. So the city had to spend whatever they had to spend to put these briefs together, and they had to spend, Sears had to spend whatever they had to spend to put their briefs together, and everybody had to defend an oral argument over $4,500. Is that what you're telling me? You think that that's really efficient? You think that's efficient use of everybody's time? I don't have any other comments. Yeah, yeah, I know. I'm just sorry. I'm here to repeat. I'm just saying. I mean, you know, since the city is taking the position that there's no prospective application of this ordinance, of that old ordinance, and that there's a declaratory judgment action on file that's going to resolve the new ordinance, all this is about is $4,500. And I've got to tell you, I'm not so sure that that's an efficient use of resources. And I understand those concerns. At the time we filed our brief, there was concern about prospective application, which is, as the court observes, is a much greater concern if this affects every business in the city of Chicago, how the ordinance is applied to them. But that became moot. Okay. Well, we'll see. We'll see what happens. If we say you can't have the fines, then you go ahead and file a PLA over the $4,500. Go ahead, counsel. As to the actual substance of the interpretation, you know, beyond just the jurisdictional issues, we have a number of concerns. First, throughout this briefing, Sears has never presented an actual argument for why the repealed ordinance, as I'll refer to it for now just to avoid confusion with the new ordinance, why the repealed ordinance should be interpreted in the way they insist. They do not address the language. They just say actual installation, actual transaction is necessary. And we would, again, insist that that effectively waives this argument on Sears' part, on top of the jurisdictional problems. Just saying that a particular result is called for is not the same as actually arguing the point. Sears never explains why the language in this ordinance supports their interpretation. They just say, they just come to a conclusion and then criticize our response. That's in our perspective. But this is a plain reading of the statute of the ordinance. It's clear. It requires no explanation. That's correct. But they do not ever engage in what the plain language means. It's just, they just say there's plain language and it releases this result. It's not clear how they get there. It is not contained in their briefing at any point that I could ascertain. As to the actual, as to the ordinance, a license under the repealed ordinance is not required for home repair, for the definition of home repair. It's required for engaging in the business of home repair. The ordinance is very, very specific in that regard. Section 4-204-020 says no person shall engage in the business of home repairs within the city of Chicago without a license. It does not say no person shall perform a home repair. It does not say no person shall conduct a home repair. It says no person shall engage in the business of home repair. That requirement refers to home repair, which is defined elsewhere in the ordinance, which is given a very particular definition, as well as a number of exceptions that take certain specific conduct out of the definition, such as, in this case, the interconnection with language. As the appellate court has recognized in both defaults and hammer, engage in the business is necessarily broader language encompassing more than just the act that is included. Well, is engaging in the sale of hot water heaters under the statute the same thing as engaging in installation or home repair? Oh, we do not contend that selling hot water heaters falls within this ordinance. It is solely that very specific, very extensive. Your contention is that the brokering of installation services is home repair business. That's basically essentially what you're saying. Yes, that the particular conduct here, that advertising home repairs, speaking with customers about arranging for home repairs, locating these home repair independent contractors that perform the home repairs themselves. And what part of the statute says that conduct is under the statute? That would be encompassed in the engage in the business, which, as we explained in our brief, that encompasses everything that would necessarily be part of engaging in the business of home repair, as that was the case in defaults and hammer. And then their argument would be, well, this statute provides an exemption that says if you don't actually do any work or labor, then that's not home repair. But that's work or labor in connection with a home repair. If mere sales is essentially what we believe that that exception is. Well, they're saying that's all we're doing. We're selling and we're brokering these installation services, but we don't actually do any labor or work in regard to installation. So we're not under that. The record here shows that Sears performed extensive work or labor aside from the installation, the actual installation. They compiled this database of independent contractors that perform home repairs. They collect the money for the home repairs. They advertise home repairs. There are signs in their stores saying, let Sears do this for you, or things along that line. But you acknowledge that these are all independent contractors, don't you? Yes. That was stipulated below that they are independent contractors. So just compiling a database of the independent contractors that they're going to refer you to, that's work in connection with installation? Is that what you're saying? We don't have a case here. Sorry. We do not have a case where that is all that was done. Well, the advertising. But isn't that all just for convenience? Here's my question. If you take this, and they said this, Sears said this in their briefs, if you take your argument to its logical conclusion and you say that they have to be licensed, so are you saying then they have to do all these things that are listed in the ordinance that a licensee has to do? They have to record on an invoice all the home repair work to be performed by the licensee, so then they have to put on an invoice to the purchaser of the hot water heater? This is all the advertising we've done? This is the database we've put together? This is how many employees have written up invoices that talk about the fact? I mean, do you really think that was the intent of the city council when they said you have to record all the work? And if you say work is compiling a database and advertising and talking to the customer and saying we'll get it installed for you, that's all got to be put on there? Is that what you're saying? They have to list all their advertising on the invoice? If the customer is charged for that work. Well, they're not charged for that work. You know that. The independent contractor gets a fee for doing its work, and Sears gets a certain amount of money for selling the hot water heater. You don't have any evidence that any part of that independent contractor's fee goes back to Sears, do you? You just have supposition in that regard. There's no evidence of the record, but it seems, as we explained in our brief, it seems most unusual if Sears was doing this out of the generosity of its part. They're facilitating the sale. But that they would go through such great measures to facilitate the sale. Let me say this. Let's say you're going in to get a hot water heater from Sears. And you're not in the business of installing. You're not running a business. I want a hot water heater, and I want it installed. Isn't it a great convenience to the consumer for Sears to say, okay, here is a person. If you pay us this fee, flat fee or whatever it is, to install, a base fee, then you don't have to go and get a contractor. Search Emily's List or whatever they search. We can arrange that for you. Where I don't understand. Now, the city is interested in this license to make sure someone who is competent and will comply with city codes does the installation. Here, apparently, that's what's taking place. So where is it that there's a double license required? Well, it's – sorry, there's a lot tied up in that. I'll try my best to hit Emily's point. As to Sears' belief that this is a double license requirement, we fail to see where there is any such requirement. If two contractors would work together to perform a single home repair, I don't think Sears would contest that one of them could go without a license. Well, let me ask you this then. Why doesn't that apply here? If there's an installation by an independent contractor who has a license and you're going to argue, well, maybe they're the agent of Sears, why would another license be required for Sears? It's not necessarily just the license. The license requirement is one component of what someone is required to do. Retaining a license is one component of what someone is required to do when they engage in business. But as we noted in our brief, there are a number of other requirements that are triggered by engaging in the business. The most significant in this respect would be the insurance requirement. Under settled Illinois law, Sears is required – Sears could be held liable if they are negligent in some sense in selecting an independent contractor and putting that person forward to a customer. If this court rules that Sears did not engage in the business of home repairs because they did not actually install, then that insurance requirement would be lost. Don't you think that's a greater risk for an independent contractor than it is for a national chain like Sears that's probably self-insured anyway? It might be less of a concern for someone like Sears, but the requirement's for all businesses. It's not a large business exception. But the independent contractor who's assigned the installation would be under the insurance requirement, so they would have their own insurance. Is that right? They may be, they may not be. They should be, but this is an additional layer of protection. There would obviously be issues and concerns with the independent contractor, or there may be just problems with obtaining a judgment of that contractor. And as we noted in a brief, there are severe consequences. Literally, life could be at risk from an improperly installed water heater. $300,000 may easily not be sufficient in such a circumstance if the contractor was selected negligently. So really what you're saying is that the real purpose here is to put Sears insurance behind, because certainly they're not there making sure Pipe A is connected to Pipe B properly. You're basically saying, well, we want to tie them in with the insurance requirement. It ties them in because of the act in selecting. Apparently the city council thought $300,000 was enough. Apparently the city council thought $300,000 was enough, because that's the figure they put in there. You know, you don't have to go to Sears to get the hot water heater. You could just go to, you know, somebody else. And then they would have their license, and it would be $300,000. So you're saying that somebody who goes to Sears should have more protection than somebody who just went to an independent contractor, where the only obligation is $300,000? That doesn't make any sense. Let me ask you this. Why do you think they took the language out? Why did the city take the language out? I am not privy to that. Come on. It's the corporation council and the administration that goes to the city council and recommends these changes. Why do you think those changes were made? I'm afraid I do not know. Well, didn't the administration say, we're trying to lessen the amount of licenses that are required throughout the city because we're trying to encourage business, we're trying to help businesses? Isn't that what they said when they put these ordinances through? I understood it was to reduce the number of licenses and to hopefully make the licensing scheme more easily accessible. Right. So why are you fighting so hard for this $4,500? Largely the concern is that if this court finds that Sears has standing, that its appeal is not moved, that this would be interpreted as any decision on that point, on that perspective issue could be interpreted as speaking to the new ordinance, which as Sears and the city both admit has been substantially changed. In regard to the procedures before the administrative agency, you may be able to answer this question. Are hearing officers allowed to cite decisions of the circuit court in interpreting various city ordinances? I believe it would be merely as persuasive value. We do not believe that those are binding on the administrative hearing officers, especially in circumstances like this in which it's so much application of law to fact that it would very much turn on what the particular individual being cited, what their conduct was. If they're just performing an installation, if they're just handing out flyers, it may be different. It may have persuasive value at most but would not be binding to our knowledge. Just to quickly touch on the in connection with requirement, as I mentioned earlier that as Sears conceded in their opening brief but then has since distanced themselves from that, this is an exception. It's an exception to the broad definition, the broad applicability of the home repair ordinance. The in connection with requirement here is particularly an exception for those who merely perform sales. You walk in their store, you buy a hot water heater, and you walk out the door with a hot water heater. That is most certainly not what Sears does here. Sears offered its own evidence in the record explaining the great lengths they go to to facilitate, to encourage customers to install hot water heaters. Who do they think is Sears? As far as the record shows, when someone has a hot water heater installed, the first time they know that it's not actually Sears installing the hot water heater is when that truck pulls up to their home. That's the first time that on this record it appears that anybody even knows that Sears itself, a Sears employee, is not installing the hot water heater. If there's a misrepresentation, that's an argument for another forum or another day, isn't it? That may be as well, but it seems applicable here as well. I would not go so far as to say it's a misrepresentation. It seems like it's an overstating of the relationship between Sears and the... I don't want to accuse Sears of anything when that's not really... Other than what you've already accused them of. Correct. Let me ask you one question. I'm going to pin you down on one thing, or try to. You're pretty good at not getting pinned down. There's a declaratory judgment action pending, and it's been stated. Has the city ever taken the position, or is the city of a mind to take the position that declaratory judgment is not available in this area because of the availability of administrative review? I'm not aware that the city has taken such a position. I have been in communication with the council involved in that, and nothing has been said along those lines to me. Because it was stayed, I may be opposing councils more familiar with the status of those proceedings, but because they were stayed, everything seems to have been held up waiting for what happens here. So no position has been taken. It would require a careful reading and a parsing of the new ordinance to make sure that any interpretation urged in the declaratory judgment. It seems to me that declaratory judgment is really a vehicle that is perfect for this, for the new ordinance, because you have the city and a major corporation at loggerheads as to what their prospective conduct should be. And the declaratory judgment vehicle is designed to look prospectively at what someone should be doing in order to avoid liability, right? Correct, to the extent that there's something in the record that affects standing, which I do not want to make any representations that may concede standing there that we don't know yet. Well, I don't see how there could be a standing problem with a deck action, because all they have to do is plead that you and the city are in discussions in which the city is demanding that you get a license, and then boom, you have a deck action. I guess the main concern, if there was any, would be whether there's been a real tangible threat of enforcing the new ordinance against Sears. This whole last hour looks like a tangible threat to me. All right. We're finished. If there are no further questions. Thank you. Can I get a very brief final rebuttal? You can have some rebuttal, Mr. Byers. Thank you. If I, as a follow-up to the Justice's questions about the Circuit Court orders, and I believe I'm looking at the right orders, if the reference is to the November 19, 2010, order from Judge Rogers, that does reflect that an order was vacated, but that's not Judge Rogers vacating his own order. That's Judge Rogers vacating the administrative orders. So if you then fast-forward to the April 15, 2011 order, that order does not say any of the other orders for the reasons reflected on the transcript are vacated. And if you focus on paragraph one, Judge Rogers does say, to clarify the written order of September 9, the court determines that Plaintiff Sears is required to hold a home repair license for offering to facilitate the installation of hot water heaters and accepting payment, at least as it relates to that paragraph. There's no reference or qualification that it's because of the engaged in the business of. Secondly, the follow-up on some of the Justice's questions. Yeah, except the because is in the next paragraph. It is. He says, because you're engaging in the business of home repair under 4-204020. So, go ahead. To follow up on some of the questions about the declaratory judgment action, we do have a fear of future prosecutions. In fact, in that case, in the declaratory judgment case, we specifically sought and received an order staying any future prosecutions while this appeal is pending out, playing out. To provide a little bit more background and in response to the Justice's question, I can't say that this was by design, but we weren't a trick bag. So, we filed claims for administrative review based on these administrative findings and the city said, we're going to not contest, we're going to agree to reverse. We went into circuit court and filed a declaratory judgment action and they came in and said, no, administrative review is the exclusive form. Now, I can't recall frankly, and I don't want to misrepresent anything, whether that manifested itself in a brief or a filing, but the city's position clearly was that the DEC action was not proper because we were going to go and it should be handled administrative review. So, frankly, we look at the DEC action as kind of forcing the administrative review cases to allow it to go forward and we didn't care so long as we had someone look at it. But does that relate to the old ordinance or the new ordinance? That's on the old ordinance. Okay. On the old ordinance, they said, you've got to go through administrative review. After we filed the DEC action. Right. They said, this should be handled administrative review. But does your DEC action relate to the new ordinance or the old ordinance? Old. It's been pending for a couple of years, I believe. And Judge Pantley just... Is it your intention to... I see. Is it your intention to bring the new ordinance into that litigation? Hopefully, we won't... And? Hopefully, that will be mooted by the Justice's opinion here. Okay. Two brief follow-up points and then I'll conclude. You talked about binding effect of the administrative review. How could our ruling, with regard to an old ordinance, move the question on the new ordinance? I mean, don't you have to get... Well, I guess if we said that even under the old language, you don't have to get a license, then that would say that, therefore, under the new language, you don't have to get a license? You're still going to have to file a DEC action. Well, I guess in response to that, Justice, the way we look at it, the home repair definition has not changed. So what we would like, for our perspective purposes, is a finding that these things that we agree that we do, they don't fall within the definition of home repair. What we are suggesting is that the elimination of the phrase engaged in the business of home repair is supportive of our interpretation of the definition of home repair. That's really the way it shakes out. Well, let me ask you this. That's hopeful for you in the future, but isn't there some statutory construction law that says that legislatures don't act for no reason? And, you know, when we see the city council taking the language out, are we obligated to say they did that for a reason? Yes. And that is to make a change to narrow the amount of businesses that have to get this license? And if that's the case, does it follow that under the old language, you know, it was a broader statute, broader ordinance? Certainly. Taking out the phrase engaged in the business of clearly is supportive of our interpretation that the definition of home repair does not reach accepting a fee where you're performing either directly through a subsidiary, the actual installation of the residence, certainly. But we still need a finding that the definition means that. No, that's not what I asked you. Maybe I didn't phrase it artfully enough. You said today that when the city council took out the phrase engaged in the business of that they narrowed the number of businesses that have to get this license. And that's good for you. But when we look to the time period before they took that language out, does that imply to us that under the old ordinance the number of businesses that had to get the license was larger, including Sears? Arguably. That's what I'm concerned about. Yeah. Our argument is that the definition is plain and straightforward, and there's no need where it's plain and straightforward to construe it. If you are to construe it, then we have to take the position that engaged in the business of being eliminated is indicative of our narrow interpretation and not the broad interpretation. That is correct. But doesn't that hurt you? Doesn't that hurt you on the fines? On a going forward basis? Not on a going forward basis. On a going backwards basis. With regard to the $4,500, that hurts you because it's telling us that we have to think that the city council made that amendment because they took a broader definition and narrowed it. The city is going to get up in a minute and say, that means that you were at least in the prior definition. If we were to get a ruling that going forward the definition of home repair is not intended to breach our operations, I would concede, while it's not dispositive, I would say it's not dispositive, that the presence of engaged in the business of would be supportive of the city's interpretation of home repair pre-amendment. Ouch. The final two points, in terms of binding, the binding nature of the administrative findings, obviously we would have, even if it wasn't binding or even persuasive, there are raised judicata and collateral estoppel concerns that could come into play that would serve to make this issue real and right because we would be dealing with same issues, same parties, and that's not to say that the city wouldn't try to claim that there's some raised judicata or estoppel effect. Last, Justice Palmer's comment about the other sections of the ordinance that we cite, specifically the section that talks about an invoice and what we would be invoicing, if you read on under that section, it's required that that be provided to the customer at the home, at the site of installation, and we're not there. So it's just nonsensical once you look at it collectively. Leads to an absurd result. Yes. You said better than I did. If there are no other questions, I thank you for your time. Thank you. Mr. Brown. I just have a few comments unless the Court has any additional questions. I'm certainly going to stand up here and say that the language engaged in the business, as it is in the ordinance, that this Court has jurisdiction that Sears has standing, the city and Sears have standing to discuss the fines, that that engage in the business language is broad, encompasses the conduct that is at issue here, that that language has meaning. This case is not about the definition of home repair. It's about the requirement to obtain a license. It's about the other requirements of the home repair ordinance, all which the substantial portion of which turn on whether an individual or entity engages in the business of home repair. It's not just the definition. The definition, you can't be bound by just a definition. There's an affirmative requirement in the ordinance if you engage in business to obtain insurance, to obtain a license, to provide invoices and estimates to your customers so they know what they are purchasing. A few other things. As to the issue, just quickly on the issue of res judicata, it's not clear how the res judicata would apply here if the issue is a different ordinance entirely, the language of a different ordinance. It's not sure how there would be identity issues for res judicata or collateral stop or claim inclusion or anything along those lines. Finally, if this Court does not have any further questions, we would urge the Court to dismiss Sears' appeal and to reverse and affirm the DOH's decisions regarding the lines. So then do you agree that if they were obligated to get this license that also the City Council then also envisioned them invoicing all the work that would have to go out to the House and deliver this notification that Council just referred to that's in the ordinance for licensees? To start, that information would be provided in the estimate in the first place, which as we said, which we argued is a key component that the customer has an ability to choose how much they're paying, whether they're going to pay for someone to charge them additional money beyond the installation. If it's $50 more for installation because Sears arranges it, the customer has a right to know that. It's not clear, it wasn't really addressed in the briefs, whether that would have to be included again on the invoice. It doesn't seem like that's asking a lot of Sears. They wouldn't have to go to the House. I receive invoices from a number of companies in email and other different ways and that's entirely possible. It doesn't seem like a huge burden on Sears to send that again. And again, the primary focus here is on this overarching requirement that an entity that engages in the business of home repair complies with this. There may have been permutations of engaging in the business that the City of Council could not have anticipated, that people would break up different components of engaging in a single activity of home repair. And one does the advertising and the arranging, the other does the installation itself. All right. Well, okay. So in these three particular ordinance violations, since you say that they need to be licensed, and the ordinance says that the licensee has to put on the invoice a description of their work, okay, what do they have to put on the invoice? It would be the specific things that the customer is being charged for. The invoice has the requirement to discuss prices. If there's no charge to the customer, it may well be that they don't have to put that on the estimate. It's not clear from the record here the extent to which Sears charges. It seems a fair conclusion from the facts, from the fact that Sears is a business for profit and tends to make a profit off of this work. There is a lot, a great deal of effort here in arranging for the home repairs. This is compiling a large database of independent contractors. Could not have been a, you know, something that Sears did not expend any, you know, it seems inconceivable that Sears did not expend any funds at all on compiling that, on training its workers to properly instruct customers regarding the installation process and telling them, you know, maintain the website. All these things have costs. If those costs are passed on to the customer in a meaningful way, that would need to be on the invoice. The estimate and the invoice. My apologies. Unless the Court has any further questions, again, I'm going to ask you to close the hearing. Thank you very much, gentlemen. That was a very enjoyable case. There's a third member, Justice Taylor, who was unable to be here today. He will listen to the argument and participate in the decision. Thank you. Thank you.